IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MARY R. MECHELLI, | ) | |
|---|---|---|
|     Plaintiff, | ) | |
| | ) | Civil Action No. 14-359 |
| v. | ) | |
| | ) | Magistrate Judge Robert C. Mitchell |
| KEN FERREE, DEREK STITT, THE CITY | ) | |
| OF MCKEESPORT and UNKNOWN | ) | |
| MCKEESPORT POLICE OFFICERS, | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION

ROBERT C. MITCHELL, United States Magistrate Judge

### I. INTRODUCTION

Presently before the Court is Defendant Ken Ferree's Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and (7). For the reasons that follow, Defendant's motion is denied.

### II. BACKGROUND

This case generally arises out of Defendants' alleged violations of Plaintiff's constitutional rights in connection with Plaintiff's arrest and detention. Plaintiff, Mary Mechelli, is a fifty-four year old resident of McKeesport, Pennsylvania. Moving Defendant Ken Ferree is the contracted Animal Control Officer for the City of McKeesport.

Plaintiff considers herself an animal rights activist and a member of People for the Ethical Treatment of Animals ("PETA"). Plaintiff alleges that on multiple occasions, Defendant Ferree, acting as McKeesport's dog catcher, threatened to shoot Plaintiff's dogs. Plaintiff lobbied to the former McKeesport mayor, James Brewster, to terminate Defendant Ferree for animal cruelty. Defendant Ferree was terminated, but was subsequently reinstated by Brewster's successor, Michael Cherpko. In June 2013, Plaintiff, along with others, protested the Ferree

1

Kennels for alleged animal cruelty activity and on the basis that Defendant Ferree shoots dogs kept at the kennels. At the protest, Plaintiff and Defendant Ferree engaged in a verbal confrontation.

On or about August 1, 2013, Plaintiff returned a phone call from McKeesport Detective Kacznski regarding stolen cars and home burglaries in the area. That same day, Plaintiff alleges that two McKeesport officers came to her house and let her two dogs out of a secured area. While one of the dogs was not recovered, the next morning, Defendant Ferree contacted Plaintiff to inform her that he had caught her other dog and that she was to immediately come to the kennel to retrieve her dog or the dog would be shot. After this conversation, Plaintiff went to the home of the mayor of White Oak, a neighboring municipality, Ina Jean Marton and Marton advised Plaintiff to go to the kennel and retrieve her dog because she believed Defendant Ferree would kill it. Plaintiff immediately went to the kennels. While on the way, Plaintiff received a phone call from Marton who urged her to hurry to the kennel because she believed that Defendant Ferree was going to kill the dog. Plaintiff arrived at the kennel and met Defendant Ferree outside and remained on the phone with Marton. Defendant Ferree informed Plaintiff that her dog was inside and Plaintiff handed Defendant Ferree $140.00 to retrieve the dog. Defendant Ferree directed Plaintiff into a lobby area inside of the kennel. Plaintiff remained on the phone with Marton, and Marton asked to speak with Defendant Ferree but he refused. Defendant Ferree then guided Plaintiff to a set of stairs and pushed her in the back down the stairs. Plaintiff lost control of her phone and fell to the ground. Defendant Ferree then kicked Plaintiff in the head, the back of the arms and ribs approximately twenty times, pulled her hair and punched her in the face, lip and jaw. Defendant Ferree also cursed at Plaintiff and used words derogatory to her gender. Plaintiff claims that after Defendant Ferree beat her, he then

handcuffed her and contacted the police.

McKeesport Police Officer Stitt, and Officer Houy and approximately five other unknown officers arrived at the kennel, and Defendant Ferree informed the officers that Plaintiff had resisted arrest. Plaintiff was transported to the McKeesport Police Department where she was then told there was a warrant out for her arrest for various theft by deception charges. Therefore, Plaintiff contends that Defendant Ferree was officially working with the McKeesport Police Department to apprehend Plaintiff for this warrant. When she was in custody at the police department, she lost control of her bladder and Defendant Ferree and other officers made fun of her. Plaintiff also had visible injuries to her face and requested medical attention, but it was not provided. A few hours later, Allegheny County detectives arrived at the McKeesport Police Station to take Plaintiff to Allegheny County Jail but determined that she needed medical attention and took her to Mercy Hospital for treatment.

At Mercy Hospital, Plaintiff was diagnosed with a concussion and trauma to her back, shoulder, face and legs. After she received medical attention, she was then taken to Allegheny County Jail and released the same day. The next day, she sought additional medical attention and was diagnosed with a chest contusion, concussion and post-concussion syndrome. She suffered dizziness, fatigue, pain in her ribs and swelling.

Plaintiff was charged with disorderly conduct for the occurrence with Defendant Ferree at the kennels, and a preliminary hearing on the matter was held on December 10, 2013. Defendant Ferree did not testify at or attend the preliminary hearing. At the hearing, Defendant Officer Stitt testified that he was summoned to the kennel because he was informed that there would be a warrant suspect there. At the conclusion of the preliminary hearing, the disorderly conduct charges were dismissed.

Plaintiff brought suit against Defendant Ferree, Officer Stitt, the City of McKeesport and Unknown McKeesport Police Officers. Plaintiff asserts several claims against Defendant Ferree under 42 U.S.C. § 1983 including: First Amendment retaliation (Count I); excessive force under the Fourth Amendment (Count II); cruel and unusual punishment under the Eighth Amendment (Count III); Intentional Infliction of Emotional Distress (Count V); False Arrest (Count VI); Malicious Prosecution (Count VII); and False Imprisonment (Count VIII). This Court previously denied Officer Stitt and the City of McKeesport's motion to dismiss the claims against them for cruel and unusual punishment in violation of the Eighth Amendment and a *Monell* claim for an express policy or custom that caused Plaintiff constitutional injury (Counts III and IV). *See* Memo. Op. and Order [ECF No. 39].

Defendant Ferree now moves to dismiss the claims against him arguing that Officer Houy is a necessary and indispensable party under Federal Rule of Civil Procedure 12(b)(7), that Plaintiff has failed to state a claim with respect to the false arrest, malicious prosecution and false imprisonment claims and Defendant Ferree is otherwise immune from suit under qualified immunity. For the reasons that follow, we reject Defendant Ferree's arguments and deny his motion to dismiss.

**III.    JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff asserts claims under the First, Fourth and Eighth Amendments and under 42 U.S.C. § 1983. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367. Additionally, all parties have consented to jurisdiction before a United States Magistrate Judge, *see* Def. Derek Stitt and the City of McKeesport's Consent to Magistrate Jurisdiction [ECF No. 30]; Def. Ken Ferree's Consent to Magistrate Jurisdiction [ECF No. 31]; Pl.'s Consent to Magistrate

Jurisdiction [ECF No. 33]; therefore, the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq*.

## IV. STANDARD OF REVIEW

1. Federal Rule of Civil Procedure 12(b)(6)

To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where the factual allegations of the complaint conceivably fail to raise, directly or inferentially, the material elements necessary to obtain relief under a legal theory of recovery. *Twombly*, 550 U.S. at 561 (citations omitted). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). Under this standard, civil complaints "must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal quotations omitted). A court in making this determination must ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 583 (quoting *Scheuer v. Rhoads*, 416 U.S. 232, 236 (1974) (internal quotations omitted)).

2. Federal Rule of Civil Procedure 12(b)(7)

A defendant may move to dismiss an action under Federal Rule of Civil Procedure 12(b)(7) for failure to join a party pursuant to Federal Rule of Civil Procedure 19. Rule 19

requires that a party join all "necessary and indispensable parties." *See* Fed.R.Civ.P. 19; *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1053 (3d Cir. 1988). "Rule 19(a) determines whether a party is a necessary party who should be joined in the action. If the answer to that first question is yes, then the court must do so if feasible. If the answer to the first question is no, however, then the inquiry need go no further." *Id.* at 1053–54. "[A] holding that joinder is compulsory under Rule 19(a) is a necessary predicate to a district court's discretionary determination under Rule 19(b) that it must dismiss a case because joinder is not feasible . . . and the party is indispensable to the just resolution of the controversy." *Gen. Refractories Co. v. First State Ins. Co.,* 500 F.3d 306, 313 (3d Cir.2007).

## V.  DISCUSSION

1. <u>Failure to State a Claim</u>

The entirety of Defendant Ferree's argument with respect to the false arrest, malicious prosecution and false imprisonment claims, is that because public records indicate that "Defendant Ferree did not arrest nor cause to be imprisoned [sic] Plaintiff[,]" and because public records indicated that the arresting officer was James W. Houy, Jr., the Court should dismiss these counts.  The Court rejects Defendant's argument.[1]  Reading the complaint in its entirety and drawing all reasonable inferences in Plaintiff's favor, it is clear from the complaint – which is taken as true – that Plaintiff alleges that Ferree pushed her down a flight of steps, kicked and

---

[1]  It must be noted that Defendant Ferree's entire memorandum of law in support of his motion is utterly devoid of any analysis under the standards he seeks to dismiss the allegations. While the Court recognizes that barren legal arguments need not be determined by this Court (and as an extension, the motion should be denied on this ground) because dismissal of the complaint is plainly not warranted, the Court will address the viability of the motion to the extent necessary. *See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994); *L.M., ex rel. M.M. v. Downingtown Area Sch. Dist.*, No. 12-CV-5547, 2015 WL 1725091, at *26 (E.D. Pa. Apr. 15, 2015) ("Failure to develop said argument is a sufficient ground for deeming such claims waived.").

punched her numerous times, and then handcuffed her, contacted the police, and told the arriving officers that she was "resisting arrest." These facts are enough to survive dismissal at this stage. Additionally, Defendant Ferree does not set forth any elements that Plaintiff has failed to allege with respect to the claims set forth in the complaint and this Court will not make a decision as to such underdeveloped and inadequate arguments. Accordingly, Defendant Ferree's motion to dismiss is denied in this respect.

2. Failure to Join James W. Houy, Jr.

It is unclear how Houy is a necessary party for the claims Plaintiff makes against Defendant Ferree. Plaintiff alleges that it was only Defendant Ferree who falsely arrested her and not only did he not have the authority to do so, but that the authority was purportedly given to him by the McKeesport officers. Ferree's argument that Houy "caused Plaintiff's arrest" is an incorrect reading of the complaint. Again, Plaintiff alleges that Defendant Ferree pushed her down a flight of steps, kicked and punched her numerous times, and then handcuffed her, contacted the police, and told the arriving officers that she was "resisting arrest," not that Houy was responsible for this conduct. Accordingly, Houy is not necessary to dispose of the claims against Ferree. Because Houy's presence is not necessary for this Court to "accord complete relief among existing parties[,]" Defendant's motion is denied. Fed. R. Civ. P. 19(a)(1)(A).

3. Qualified Immunity

Generally, qualified immunity shields a governmental official from suit for damages if "their conduct 'does not violate clearly established . . . constitutional rights' a reasonable official, similarly situated, would have comprehended." *Wood v. Moss*, 134 S. Ct. 2056, 2061, 188 L. Ed. 2d 1039 (2014) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Qualified immunity "gives ample room for mistaken judgments by protecting all

7

but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229, 112 S. Ct. 534, 537, 116 L. Ed. 2d 589 (1991) (citations omitted) (internal quotations omitted).

After setting forth a boilerplate legal standard for qualified immunity, Defendant's entire qualified immunity argument is as follows: "Defendant is entitled to qualified immunity and to grant [sic] this Motion to Dismiss at this stage of the proceedings rather than subject Defendant to ongoing litigation." Br. in Supp. of Mot. to Dismiss [ECF No. 38] at 6. Without more, this Court will not make Defendant's arguments for him and refuses to base dismissal on an entirely unsupported and undeveloped argument. *See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 ("a passing reference to an issue . . . will not suffice to bring that issue before this court."). To the extent that Defendant Ferree argues that he is entitled to qualified immunity under these facts, the Court flatly rejects said argument. In no instance could Defendant Ferree reasonably believe that his alleged actions in pushing Plaintiff down a flight of stairs, punching and kicking her and handcuffing her were "lawful" in performing discretionary functions as an "Animal Control Officer." This conduct clearly falls into the "plainly incompetent" and "knowing violation" of the law category, which is not entitled to qualified immunity. Accordingly, Defendant Ferree's motion is denied in this respect.

## VI. CONCLUSION

Based on the foregoing, Defendant Ferree's motion to dismiss Plaintiff's Second Amended Complaint is DENIED. An appropriate Order follows.

Dated: April 30, 2015

By the Court,

/s Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc: *Counsel for Plaintiff*
Erik M. Yurkovich, Esquire
Wexford, Pennsylvania

*Counsel for Defendant Ken Ferree*
Carl B. Zacharia, Esquire
Zacharia & Brown
McKeesport, Pennsylvania

*Counsel for Defendants Derek Stitt and the City of McKeesport*
Thomas P. McGinnis, Esquire
Jeffrey D. Truitt, Esquire
Karin M. Romano, Esquire
Thomas, Thomas & Hafer, LLP
Pittsburgh, Pennsylvania

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY R. MECHELLI,      )<br>    Plaintiff,      )<br>     )<br>v.      )<br>     )<br>KEN FERREE, DEREK STITT, THE CITY )<br>OF MCKEESPORT and UNKNOWN     )<br>MCKEESPORT POLICE OFFICERS,    )<br>    Defendants.      ) | Civil Action No. 14-359<br><br>Magistrate Judge Robert C. Mitchell |

## **O R D E R**

AND NOW, this 30th day of April, 2015, after consideration of Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 36], IT IS HEREBY ORDERED that said motion is DENIED. Defendant Ferree is to file an Answer within twenty-one (21) days of this Order.

By the Court,

/s Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

cc:  *Counsel for Plaintiff*
    Erik M. Yurkovich, Esquire
    Wexford, Pennsylvania

    *Counsel for Defendant Ken Ferree*
    Carl B. Zacharia, Esquire
    Zacharia & Brown
    McKeesport, Pennsylvania

    *Counsel for Defendants Derek Stitt and the City of McKeesport*
    Thomas P. McGinnis, Esquire
    Jeffrey D. Truitt, Esquire

Karin M. Romano, Esquire
Thomas, Thomas & Hafer, LLP
Pittsburgh, Pennsylvania